IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LONZELL GREEN, | ) | |
| Plaintiff, | ) | No. C 07-3048 TEH (PR) |
| vs. | ) | ORDER OF TRANSFER |
| EDWARD R. JABELS, et al, | ) | |
| Defendants. | ) | |

    Plaintiff, a prisoner of the state of California currently incarcerated at Kern Valley State Prison, in Delano, California, has filed a pro se civil rights under 42 U.S.C. § 1983. The events or omissions giving rise to the claims occurred, and the Defendants named reside, in Kern County, which lies within the venue of the Eastern District of California. See 28 U.S.C. § 84(d). Venue therefore properly lies in the Eastern District of California. See id. § 1391(b).

    When jurisdiction is not founded solely on diversity, venue is proper in the district in which (1) any defendant resides, if all of the defendants reside in the same state, (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Where a case is filed in the wrong venue, the district court has the discretion either to dismiss the case or transfer it to the proper federal court "in the interest of justice." 28 U.S.C. §

1406(a). Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986).

Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Eastern District of California. The Clerk shall transfer this matter forthwith.

SO ORDERED.

DATED: 07/03/07

THELTON E. HENDERSON
United States District Judge